[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2006
THOMAS K. KAHN
CLERK

No. 05-15493
Non-Argument Calendar

_____

D. C. Docket No. 05-00099-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MAURILIO ZAPATA VELASQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2006)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

David Maurilio Zapata Velasquez appeals his 135-month concurrent

sentences imposed after he pled guilty to these offenses that took place while he was aboard a vessel subject to the jurisdiction of the United States: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 960(b)(1)(B)(ii) and 46 U.S.C. app. § 1903(a), (g), (j); and (2) possession with intent to distribute five kilograms or more of cocaine, in violation of 18 U.S.C. § 2, 21 U.S.C. § 960(b)(1)(B)(ii), and 46 U.S.C. app. § 1903(a), (g). After review, we affirm Velasquez's sentences.

## I. BACKGROUND

In February 2005, a United States Coast Guard helicopter spotted and eventually disabled the engine of a forty-foot "go-fast" boat in international waters near Colombia. Upon boarding, the Coast Guard discovered 55 bales of cocaine in the boat's hold, with each bale containing 30 kilograms of cocaine for a total of 1,650 kilograms. The boat had four crew members. Velasquez, as the "load guard" on the boat, was responsible for protecting the boat's cargo. For his role, Velasquez was promised $10,000, while two of his co-defendants were promised $5,000.

Velasquez and his three co-defendants pled guilty to both counts. The presentence investigation report ("PSI") recommended a total offense level of 33 and a criminal history category of I, resulting in a recommended Guidelines range

2

of 135 to 168 months' imprisonment. Velasquez's written objections to the PSI argued that he should receive a mitigating role reduction. In overruling Velasquez's mitigating role objection, the district court noted that Velasquez was being held accountable for only the drugs on board the go-fast boat, had the additional responsibility of ensuring that the same amount of cocaine loaded onto the boat was ultimately unloaded, was paid more than other crew members and was involved in a significant amount of cocaine.

The district court adopted the Guidelines calculations in the PSI and noted the advisory Guidelines range and the 18 U.S.C. § 3553(a) factors. With respect to Velasquez's request for a below-Guidelines-range sentence, the district court pointed out that Velasquez's background as a former Columbian military police officer and his advanced education made his involvement in the offense atypical of other defendants who were generally poor and had few options. The district court ultimately stated that it did not think a non-Guidelines sentence was appropriate "even considering those factors in your case," and imposed concurrent 135-month sentences, at the low end of the recommended Guidelines range. Velasquez timely appealed.

## II. DISCUSSION

### A. Mitigating Role

We review for clear error a district court's determination of a defendant's qualification for a role reduction. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant has the burden of establishing his role in the offense by a preponderance of the evidence.[1] Id. at 939. Two principles guide a district court's consideration: (1) the court must compare the defendant's role in the offense with the relevant conduct attributed to him in calculating his base offense level; and (2) the court may compare the defendant's conduct to that of other participants involved in the offense. Id. at 940-45. When the relevant conduct attributed to a defendant is identical to his actual conduct, he cannot prove that he is entitled to a minor-role adjustment simply by pointing to some broader scheme for which he was not held accountable. Id. at 941. In addition, "[t]he fact that a defendant's role may be less than that of other participants engaged in the relevant conduct may not be dispositive of role in the offense, since it is possible that none are minor or minimal participants." Id. at 944.

---

[1]Pursuant to U.S.S.G. § 3B1.2, a defendant is entitled to a four-point decrease in his offense level if he was a minimal participant, and a two-point decrease if he was a minor participant. Whether a defendant qualifies for a decrease is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). A "minimal participant" is someone who is "plainly among the least culpable of those involved in the conduct of a group." Id. at cmt. n.4. A "minor participant" is a person who is "less culpable than most other participants, but whose role could not be described as minimal." Id. at cmt. n.5.

Here, the district court did not clearly err in denying Velasquez's request for a mitigating role reduction. Under the first prong of the De Varon test, the court held Velasquez accountable for only the drugs aboard the go-fast boat. Velasquez's actual and relevant conduct were the same, and he did not play a minor role in that conduct.

Under the second prong of De Varon, the record indicates that Velasquez was the load guard, was paid $10,000, and guarded a large amount of cocaine. Given these facts, Velasquez was at least as culpable as his co-defendants, the other members of the boat's crew. See id. at 945 (listing as relevant factors, inter alia, the amount of drugs involved, the amount of money the defendant was to be paid and defendant's role in the distribution). Accordingly, the district court properly denied Velasquez a mitigating role reduction.[2]

## B. Booker Reasonableness

After the Supreme Court's decision in United States v. Booker, a district court, in determining a reasonable sentence, must consider the advisory Guidelines range and the sentencing factors in 18 U.S.C. § 3553(a). See 543 U.S. 220, 258-

---

[2]Velasquez's argument that the district court erred when it failed to explicitly consider the relevant factors in U.S.S.G. § 1B1.3(a) is without merit. "So long as the district court's conclusion as to defendant's role in the offense is supported by the record, and the court has resolved any disputed factual issues in conformity with Fed. R. Crim. P. 32(c)(1), a simple statement of the district court's conclusion is sufficient." De Varon, 175 F.3d at 947.

63, 125 S. Ct. 738, 764-66 (2005); <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005). We review a defendant's sentence for unreasonableness in light of the factors in § 3553(a) and the reasons given by the district court. <u>United States v. Williams</u>, 435 F.3d 1350, 1354-55 (11th Cir. 2006).[3]

After review, we cannot say that Velasquez's concurrent 135-month sentences are unreasonable. The 135-month sentences are at the low end of the advisory Guidelines range and below the statutory maximum term of life imprisonment. <u>See</u> 21 U.S.C. § 960(b)(1). The district court noted Velasquez's more fortunate background and stated that there was no reason to impose anything other than a Guidelines sentence. <u>See</u> 18 U.S.C. § 3553(a)(1) (including as a factor to consider the defendant's history and characteristics). The district court also acknowledged Velasquez's arguments based on the § 3553(a) factors, and stated that it was nonetheless imposing a sentence within the advisory Guidelines range. <u>See</u> <u>United States v. Scott</u>, 426 F.3d 1324, 1329 (11th Cir. 2005) (concluding that <u>Booker</u> does not require the district court to discuss each § 3553(a) factor). Nothing in the record convinces us that Velasquez's 135-month sentences are unreasonable.

**AFFIRMED.**

---

[3]The government argues that we should review only for plain error because Velasquez failed to object to his sentence as unreasonable after it was imposed. We need not address this issue because, even under a reasonableness standard, Velasquez's appeal fails.